## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

UNITED STATES OF AMERICA    )
    )
-vs-    )
    )    Case No. 1:00-CR-107-RWS
ISMET HASANDJEKIC,    )
MARKO NICKAY, and    )
LOUIS LLULJIC    )

### [PROPOSED] ORDER GRANTING MOTION TO REVISE JUDGMENTS TO CHANGE THE RESTITUTION PAYEE TO NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA

Having considered the Motion to Revise Judgments to Change the Restitution Payee to National Union Fire Insurance Company of Pittsburg, PA, the instant motion is GRANTED.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Judgments in this case should be amended as follows to substitute the following information for the restitution payee:

Payee: National Union Fire Insurance Company of Pittsburgh, Pa

Address to submit a restitution payment check via regular mail:

Wells Fargo Bank
National Union Fire Insurance Co of Pittsburgh, Pa.
Claim # 165-020512
PO Box 105795

**CERTIFICATION**
**CM/ECF DOCUMENT**
I hereby attest and certify that this is a true and correct printed copy of a document which was electronically filed with the United States District Court for the Northern District of Georgia.

Date Filed: 07/18/2016

By: N Bowen
James N. Hatten, Clerk of Court
OCT 2 5 2018

Atlanta, GA 30348-5795

Address to submit a restitution payment check via overnight mail:

Wells Fargo Bank
National Union Fire Insurance Co of Pittsburgh, Pa.
Claim # 165-020512
Lockbox 105795
3585 Atlanta Ave.
Hapeville, GA 30354

Mailing address for reasons other than making a payment:

AIG Claims, Inc.
Global Recovery Services
Claim # 165-020512
PO Box 293214
Nashville, TN 37229-3214

SO ORDERED this _18th_ day of _July_, 2016.

Honorable Richard W. Story
Judge, United States District Court
Northern District of Georgia

Order prepared by:

SWIFT, CURRIE, McGHEE & HIERS, LLP
D. Lee Clayton, Esq.
Georgia State Bar No. 601004
The Peachtree - Suite 300
1355 Peachtree Street, NE
Atlanta, Georgia 30309
Phone:   (404) 874-8800
Fax:     (404) 888-6199
Lee.Clayton@swiftcurrie.com

3212861v.1

ORIGINAL

Page 1 of 6
FILED IN CHAMBERS
RICHARD W. STORY
U.S.D.C. Atlanta

NOV 0 1 2001

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ENTERED ON DOCKET

UNITED STATES OF AMERICA

-vs-

NOV 0 2 2001

**Case No. 1:00-CR-107-04-RWS**

LJUBO LJULJIC

L.D.T., CLERK

DEPUTY CLERK

**Defendant's Attorney:**
Jay Strongwater

### JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant plead guilty to Count One of the Second Superseding Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 U.S.C. §§ 2113(a) & 2 | Bank Burglary | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

All remaining Count(s) are hereby dismissed by the United States.

It is ordered that the defendant shall pay the special assessment of **$ 100.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No. ███████
Defendant's Date of Birth: █████ 1967
Defendant's Mailing Address:
████████

Walden, New York 12586

Date of Imposition of Sentence:
November 1, 2001

Signed this the 1st day of November, 2001.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

ATTEST: A TRUE COPY
CERTIFIED THIS

OCT 0 3 2019

James N. Hatten, Clerk
By: _____
Deputy Clerk

143

1:00-CR-107-04-RWS : LJUBO LJULJIC

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **30 months**.

The Defendant shall voluntarily surrender to the United States Marshal for the White Plains, New York district on Monday, November 5, 2001 by noon.

The Court makes the following recommendation to the Bureau of Prisons: The defendant shall be designated close to New York, New York and he shall participate in the Bureau of Prisons 500 hour drug/alcohol treatment program.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:00-CR-107-04-RWS : LJUBO LJULJIC

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

The defendant shall make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program.  Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of at least $200.00.

The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the United States Probation Officer.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

The defendant shall submit to a search of his person, property, real or personal, residence, place of business or employment, and/or vehicle(s) at the request of the United States Probation Officer.

The defendant shall participate in the drug/alcohol treatment program as directed by the United States Probation Officer and if able, contribute to the cost of services for such treatment.

1:00-CR-107-04-RWS : LJUBO LJULJIC

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime.  In addition:

1.      The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.      The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.      The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.      The defendant shall support his or her dependents and meet other family responsibilities;

5.      The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.      The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7.      The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8.      The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.      The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10.     The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.     The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12.     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:00-CR-107-04-RWS : LJUBO LJULJIC

## FINE

The Court will waive the fine and cost of incarceration.

1:00-CR-107-04-RWS : LJUBO LJULJIC

# RESTITUTION

The defendant shall make restitution jointly and severally with the codefendants to the following entity in the
following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| American International Recovery, Inc.<br>175 Water Street, 6th Floor<br>New York, New York 10038<br>Attn: Theresa Purcell<br>Claim No. 165-020512 | $74,280.00 |